UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CLYDE LACY RATTLER,                     )
                                        )
                      Petitioner,       )
                                        )
        v.                              )        Civil Action No. **10 1213**
                                        )
U.S. DEPARTMENT OF LABOR,               )
                                        )
                      Respondent.       )

## MEMORANDUM OPINION

This matter comes before the Court on review of petitioner's application to proceed *in forma pauperis* and his *pro se* petition for a writ of mandamus. The Court will grant the application and deny the petition.

Mandamus relief is proper only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc). The party seeking mandamus has the "burden of showing that [his] right to issuance of the writ is 'clear and indisputable.'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citing *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953)). Where the action petitioner seeks to compel is discretionary, he has no clear right to relief and mandamus therefore is not an appropriate remedy. *See, e.g., Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Petitioner does not establish any of these elements.

Petitioner alleges that he submitted an application for benefits under the Federal Labor Compensation Act, Compl. ¶ 3, and that the defendant failed to process it, *id.* ¶ 4. According to

petitioner, the defendant has a "ministerial duty and honor to except [sic] and process [the] application," *id.* ¶ 5, yet has refused to do so, *see id.* ¶ 7. He demands a court order compelling the defendant to accept and to process his application, and he demands an award "in the amount of an unlimited sum of money." *Id.* ¶ 9. Based on these conclusory allegations, the Court concludes that petitioner fails to show his clear right to relief, the Labor Department's clear duty to act, and the lack of any other remedy. His petition will be denied.

An Order consistent with this Memorandum Opinion will be issued separately on this same date.

United States District Judge

Date: July 10, 2010